Crew, J.
This proceeding is prosecuted by plaintiffs in error to obtain the reversal of an order made by the circuit court of Franklin county, Ohio, dismissing and striking from the files, — for the alleged reason that the same was not filed within the time required by law, — the motion of plaintiffs in error *392 for a new trial, without considering or determining said motion on its merits. Section 5307, Revised Statutes, provides: “The application for a new trial must he made at the term the verdict, report, or decision is rendered; and, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered, and produced at the trial, shall be made within three days after the verdict or decision is rendered, unless such party is unavoidably prevented from filing the same within such time.” It is not disputed in this case that the motion for new trial filed by the plaintiffs in error, was filed at the term of the circuit court at which the final decision was rendered, but it is the contention of counsel for defendant in error that said motion, which was filed on November 4, 1904, was not filed within three days after such decision was made, and it is their claim that this fact is affirmatively shown by the following entry in said cause made and entered upon the journal of the circuit court on November 4, 1904.
“November 4,1904. This day this cause came on to be heard on the pleadings and the evidence and was argued by counsel; on consideration whereof the court does find on the issues joined in favor of the plaintiff and against the defendants; that the defendants have abandoned all defense as to the second cause of action in plaintiff’s petition contained; and concede plaintiff’s right thereto; that the plaintiff is in law and equity the rightful holder of the certificates of stock Nos. 29 and 37, as described in plaintiff’s petition, as pledgee, for value as for a present consideration, and that he is entitled to have the same transferred upon the *393 books of the defendant company as prayed for in his petition herein.
“It is therefore ordered, adjudged and decreed that, unless said John E. McIntosh. redeem said certificate of stock No. 29 within thirty days from the rendering of this decree, to-wit, the twenty-fourth day of October, 1904, by paying the amount loaned by plaintiff thereon, with interest from the time said loans were made, the defendants, The Eldridge & Higgins Company, Charles C. Higgins, as president thereof; T. W. Bulford, as secretary thereof; David S. Gray, J. M. Parker, J. H. Cartzdafner, J. E. McIntosh, Charles C. Higgins and Frank Jones, as directors of said defendant company, and each of them, transfer said certificate of stock on the books of the defendant, The Eldridge & Higgins Company, from the name of said John E. McIntosh to the name of plaintiff, and that the president and secretary of said company cancel said certificate of stock No. 29 and issue a new certificate of stock for said certificate No. 29 to plaintiff and in plaintiff’s name, and that said defendants enter upon the books of said company, among the stockholders thereof, the plaintiff as the owner of said shares of capital stock of said corporation, and that said corporation pay all dividends declared by said company upon said stock since the twelfth day of May,. 1902, to plaintiff, with interest. To all of which judgments, rulings, orders and decrees of the court,, the said defendants, by their counsel, except.
It is admitted that this entry was made at the time it bears date — November 4, 1904, — and that no entry of any judgment or decree by the circuit court, in this case had been previously made. The ques- *394 lion therefore is, whether in computing and determining the time within which plaintiffs in error were required to file their motion for new trial, the judgment and decree of the circuit court, as evidenced by this entry, is to be given effect as a judgment and decree of October 24,1904, or whether the same shall be considered and given effect as a judgment and decree of November 4, 1904, the time of its entry upon the journal of said court. It will be noticed that in fixing the time within which defendants were to perform the duty enjoined upon them by the decree rendered, the language used in the entry is, “within thirty days from the rendering of this decree, to-wit: the twenty-fourth day of October, 1904,” and it is claimed for this language, thus used, that it affirmatively and conclusively establishes the fact that the decree in this case was rendered on October 24, 1904, and to all intents and purposes gives to said decree the same force and effect as if made and entered on that day. To give effect to such claim in this case, is not only to ignore the earlier recitals in said entry, that the cause came on to be heard on the pleadings and evidence and was argued and submitted on November 4, 1904, but it would be to invest this entry, because of this language, with the attribute and office of an entry nunc pro tuno, and at the same time give to it a force, and effect different from that the law would give it as such entry. But this entry is not, neither does it purport to be, an entry nunc pro tunc. And even though it should be given effect as such, it could not operate to give this decree validity as of the twenty-fourth day of October, 1904, for it is well settled law, that an entry nunc pro tunc can give retroactive operation and effect to the judgment it records, only in the further *395 anee of justice, and such can never he its office and effect where, as in the present case, it would operate to deprive a party of a substantial right. Again, section - 5331, Revised Statutes, provides: “AIL judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action.” This court has said in Coe v. Erb et al., 59 Ohio St., 263, that: “The requirement that all judgments must be entered on the journal carries the implication that until that is done the judgment is inchoate only, it is incomplete. Though possessing the character of potentiality it lacks the character of actuality, and hence is without probative force.” The circuit court being a court of record, its judgments, orders and decrees do not rest in parol. It speaks through its records, and so far as its record now before us discloses, the only decree ever made by it in the present case, was made and entered on November 4, 1904. We must conclude therefore that the motion for new trial filed by plaintiffs in error on that day, was filed in time. It is suggested in argument in this case that this court is without jurisdiction to entertain this proceeding in error, for the reason that an order dismissing and striking from the files a motion for new trial, is not a final order to which error can be prosecuted. In support of their contention in this behalf counsel cite the case of Young v. Shallenberger, 53 Ohio St., 291, where it is held that the overruling of a motion for new trial is not a final order from which error can be prosecuted. This case we think does not control the case at bar. There is an essential difference between an order of the court sustaining or overruling a motion for a new trial, and an order made dismissing or strik *396 ing such motion from the files. An order of the court striking a motion for new trial from the files, without considering or determining said motion on fits merits, is an order that affects a substantial right, namely: the right of the unsuccessful party to appeal to the discretion of the court for a new trial, a right that is secured to and given him by statute. It is an. order that finally and effectually prevents a judgment- on the motion, and its effect may be to deprive a party of his remedy on error. It is therefore a final order reviewable on error.
It follows that the circuit court erred in striking from the files the motion of plaintiffs in error for a new trial. The judgment .of the circuit court must therefore be reversed and the cause remanded to that court with instructions to consider and determine said motion for new trial on its merits.

Judgment reversed.

Si-iauck, C. J., Price, Spear and Davis, JJ., concur.